UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

AGC Flat Glass North America,
Inc., *doing business as* AGC
Automotive Americas Co.,

      Plaintiff,                    Case No. 2:23-cv-1980

v.                                Judge Michael H. Watson

Mwita John, *et al.*,               Magistrate Judge Deavers

      Defendants.

## OPINION AND ORDER

AGC Flat Glass North America, Inc. ("Plaintiff") moves for prejudgment attachment under Federal Rule of Civil Procedure 64 and Ohio Revised Code § 2715, et seq. Mot, ECF No. 7. For the following reasons, the motion is **GRANTED**.

### I.    BACKGROUND

Plaintiff is a leading supplier of automotive glass and glazing. Compl. ¶ 4, ECF No. 1. Plaintiff operates an automotive glass fabrication plant in Bellefontaine, Ohio. *Id.* Mwita John ("John") is a former employee of Plaintiff who worked at the Bellefontaine facility. *Id.* ¶ 5. One of John's responsibilities during his employment was to evaluate the equipment and tools needed to manufacture a new product and facilitate the delivery of the same. *Id.* ¶ 16.

Beginning in 2015, John allegedly orchestrated a scheme to embezzle from Plaintiff with Geofrey Mgaya ("Mgaya"), Jema Machines Automation, LLC

("Jema"), Tanzex Automation & Design, LLC ("Tanzex"), and Samuel A. Oduro ("Oduro," collectively "Defendants"). *Id.* ¶¶ 29–46. Allegedly, Mgaya created Jema as a sham company. *Id.* ¶ 29. Then, John would submit false purchase orders to Jema for parts and pay for these purchases with Plaintiff's funds. *Id.* ¶ 31. After receiving payment from Plaintiff, Jema would divert at least some of the payment to Tanzex, which would then issue payments to John and Oduro. *Id.* ¶ 37. Plaintiff never received any products from Jema and estimates that Defendants embezzled at least $1,192,231.11 from Plaintiff. *Id.* ¶¶ 35, 40. Based on these events, Plaintiff asserts several claims against Defendants. *See generally id.*

Plaintiff now moves *ex parte* for prejudgment attachment of these assets:

- Real property owned by Mwita John located at 7042 Cloverdale Lane, Columbus, Ohio 43235;
- All bank accounts owned by Mwita John over which this Court has jurisdiction;
- Real property owned by Geofrey Mgaya located at 3039 Briar Ridge Road, Columbus, Ohio 43232;
- All bank accounts owned by Geofrey Mgaya over which this Court has jurisdiction;
- All bank accounts owned by Jema Machines Automation, LLC over which this Court has jurisdiction;
- All bank accounts owned by Tanzex Automation & Design, LLC over which this Court has jurisdiction; and
- All bank accounts owned by Samuel A. Oduro, *doing business as* Sams Tax Preparation over which this Court has jurisdiction.

Mot., ECF No. 7-1. Plaintiff represents that, without attachment, Defendants will immediately dispose of the property or otherwise place it beyond the jurisdiction of this Court. *Id.*

## II. DISCUSSION

Federal Rule of Civil Procedure 64 provides that "[a]t commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment."

Prejudgment attachment is provided for under Ohio Revised Code § 2715.01, *et seq.*, which states, "[a]n attachment against the property, other than personal earnings, of a defendant may be had in a civil action for the recovery of money, at or after its commencement." Ohio Rev. Code § 2715.01(A). A plaintiff seeking attachment against a defendant's property for the recovery of money must base its right to attachment upon certain specified grounds laid out in [Ohio Revised Code § 2715.01(A)]." *PCA-Corr., LLC v. Akron Healthcare LLC*, No. 1:20-CV-428, 2021 WL 1582984, at *1 (S.D. Ohio Apr. 22, 2021). "In order to attach a defendant's property, a plaintiff must support its motion with probable cause by showing that it is likely the plaintiff will obtain a judgment against the defendant." *Id.* (citations omitted).

The Court first addresses some procedural matters before turning to the merits of Plaintiff's motion.

## A. Procedural Matters

Before the Court may issue an *ex parte* order of attachment, it must ensure that Plaintiff has satisfied the following: (1) the statutory affidavit requirement; and (2) the statutory requirements for *ex parte* attachment.

First, the Court considers the affidavit requirement. Under Ohio law, Plaintiff must attach an affidavit to its motion for prejudgment attachment that includes:

> (A) The nature and amount of the plaintiff's claim, and if the claim is based upon a written instrument, a copy of that instrument;
>
> (B) The facts that support at least one of the grounds for an attachment contained in section 2715.01 of the Revised Code;
>
> (C) A description of the property sought and its approximate value, if known;
>
> (D) To the best of plaintiff's knowledge, the location of the property;
>
> (E) To the best of the plaintiff's knowledge, after reasonable investigation, the use to which the defendant has put the property and that the property is not exempt from attachment or execution.
>
> (F) If the property sought is in the possession of a third person, the name of the person possessing the property.

Ohio Rev. Code § 2715.03.

Plaintiff has submitted an affidavit that contains all the elements required by Ohio Revised Code § 2715.03. *See* Harmon Aff., ECF No. 7-2. Plaintiff has thus satisfied the affidavit requirement.

Next, the Court considers the requirements for *ex parte* attachment. A court may order attachment without notice to the non-moving party if the court

finds (1) "there is probable cause to support the motion"; and (2) the movant "will suffer irreparable injury if the order is delayed until the defendant against whom the motion has been filed has been given the opportunity for a hearing." Ohio Rev. Code § 2715.045(A). For purposes of this statute, "irreparable injury" may exist only if there "is present danger that the property will be immediately disposed of, concealed, or placed beyond the jurisdiction of the court" or if the "value of the property will be impaired substantially if the issuance of an order of attachment is delayed." Ohio Rev. Code § 2715.045(B).

In support of its motion, Plaintiff provides an affidavit from Daniel Harmon ("Harmon"), Plaintiff's Senior Director of Process Technology. Harmon Aff. ¶ 1, ECF No. 7-2. Harmon avers that Defendants have engaged in a years-long scheme of embezzlement and fraud. *Id.* Harmon also avers that Defendants have significant connections to individuals in Tanzania. *Id.* ¶ 33. Harmon believe that Defendants are likely to transfer funds to Tanzania and that, if that happens, Plaintiff "will have virtually no chance" of recovering the funds. *Id.*

On these averments, the Court finds that there is a "present danger that the property will be immediately disposed of, concealed, or placed beyond the jurisdiction of the court." Ohio Rev. Code § 2715.045(B). Thus, Plaintiff has shown it will "suffer irreparable injury if the order is delayed until the defendant against whom the motion has been filed has been given the opportunity for a hearing." Ohio Rev. Code § 2715.045(A). For the following reasons, the Court

likewise finds there is "probable cause to support the motion" for attachment. *Id*. Accordingly, the Court may rule on Plaintiff's motion *ex parte*.

**B.     Merits**

The Court now considers the merits of Plaintiff's motion.  To obtain prejudgment attachment, Plaintiff must: (1) identify a statutory ground for attachment; (2) support its motion with probable case that the plaintiff will likely obtain a judgment against the defendant; and (3) file a bond.  *See* Ohio Rev. Code. §§ 2715.01; 2715.011; 2715.044.

Plaintiff has identified a statutory ground for attachment.  One of the grounds supporting prejudgment attachment is when "the defendant has fraudulently or criminally contracted the debt, or incurred the obligations for which suit is about to be or has been brought."  Ohio Rev. Code § 2715.01(A)(10). Plaintiff accuses Defendants of engaging in a long course of fraudulent and criminal activity.  *See generally* Compl., ECF No. 1; Harmon Aff., ECF No. 7-2. Thus, Plaintiff meets one of the statutory grounds for attachment.

Next, the Court must consider whether Plaintiff has supported its motion with probable cause that it is "likely" Plaintiff "will obtain a judgment against the defendant." *PCA-Corr., LLC*, 2021 WL 1582984, at *1.  The Complaint offers significant details of Defendants' alleged criminal scheme.  Compl., ECF No. 1. With Plaintiff's motion, Plaintiff backs up these allegations with multiple affidavits and substantial documentary evidence.  Mot., ECF No. 7.  Plaintiff also includes an affidavit from an investigative accountant, Robert A. Levine ("Levine"), who is

investigating Plaintiff's allegations. Levine Aff., ECF No. 7-3. Levine offers opinions and conclusions that further support Plaintiff's assertions. *Id.* Based on all this evidence, the Court concludes probable cause supports Plaintiff's motion.

As a final matter, Ohio Revised Code § 2715.044 generally requires Plaintiff to file a bond with the court before the order of attachment becomes effective. The bond must be "in an amount twice the approximate value of the property to be attached under the order, to the effect that, should judgment be issued against the plaintiff, the plaintiff will return the property taken or pay the value so assessed, at the election of the defendant, and also pay the damages suffered by the defendant as a result of the taking and detention of, and any injury to, the property and the costs of the action." Ohio Rev. Code Ann. § 2715.044. However, when "the plaintiff does not know the approximate value of the property sought to be attached under the order, or if the identity of the property to be attached is not known, the bond shall be in an amount twice that of the plaintiff's claim[.]" *Id.*

In this case, Plaintiff has provided the value of two pieces of real property but has not provided the values of the bank account funds it seeks to attach. Mot. ECF No. 7. Therefore, Plaintiff must file a bond that is "in an amount twice that of [Plaintiff's] claim." Ohio Rev. Code Ann. § 2715.044. According to both the Complaint and Plaintiff's primary affidavit, Plaintiff's claim is for $1,192,231.11—the amount Defendants allegedly stole from Plaintiff. *See*

Harmon Aff. ¶ 11, ECF No. 7-2; Compl. ¶ 40, ECF No. 1.  Accordingly, Plaintiff must file a bond of $2,384,462.22.

### III. CONCLUSION

For these reasons, Plaintiff's motion for prejudgment attachment is **GRANTED**.  Plaintiff is **DIRECTED** to file a bond with the Court in the amount of $2,384,462.22 and, **WITHIN FIVE DAYS** of filing the bond, submit a proposed order of attachment that complies with Ohio law.  Plaintiff shall submit that proposed order to watson_chambers@ohsd.uscourts.gov.

The Clerk shall terminate ECF No. 7.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**