UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**AGC Flat Glass North America,**

    **Plaintiff,**

    v.

**Mwita John,** *et al.*,

    **Defendants.**

Case No. 2:23-cv-1980

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

Samuel Oduro ("Oduro") moves to dismiss AGC Flat Glass North America, Inc.'s ("Plaintiff") claims against him. ECF No. 43. For the following reasons, the motion is **GRANTED IN PART** and **DENIED IN PART**.

### I.    FACTS[1]

Oduro operates a tax preparation business under the name Sams Tax Preparation. Compl. ¶¶ 9, 39, ECF No. 1. Plaintiff supplies automotive glass and glazing and operates a glass fabrication plant in Bellefontaine, Ohio. *Id.* ¶ 4. According to the Complaint, Oduro and several others (collectively, "Defendants") engaged in a years-long scheme to embezzle over $1 million from Plaintiff. *See generally*, *id.* For Oduro's role in the alleged scheme, Plaintiff asserts several claims against him. *Id.* ¶¶ 47–53, 64–71, 78–105.

---

[1] The Court accepts Plaintiff's factual allegations as true for the purposes of Oduro's motion. *Warner v. Univ. of Toledo*, 27 F.4th 461, 466 (6th Cir. 2022) (citation omitted).

## II. STANDARD OF REVIEW

A claim survives a motion to dismiss under Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [unlawful conduct]." *Twombly*, 550 U.S. at 556. A pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). At the motion-to-dismiss stage, a district court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Warner*, 27 F.4th 461, 466 (6th Cir. 2022) (internal quotation marks and citations omitted). However, the non-moving party must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## III. ANALYSIS

Plaintiff asserts the following claims against Oduro: (1) conversion; (2) civil theft; (3) unjust enrichment; (4) a civil violation of the Racketeer Influenced and

Corrupt Organizations Act ("RICO"); and (5) civil conspiracy. Compl., ECF No. 1, ¶¶ 47–53, 64–71, 78–105. Oduro moves to dismiss all claims. Mot., ECF No. 43.

### A. Conversion

To state a claim for conversion under Ohio law, a plaintiff must allege: (1) the "plaintiff's ownership or right to possession of the property at the time of the conversion"; (2) the "defendant's conversion by a wrongful act or disposition of plaintiff's property rights"; and (3) damages. *Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 393 (6th Cir. 2020) (citing Ohio law). Money may be the subject of a conversion claim only if "identification is possible and there is an obligation to deliver the specific money in question." *Gascho v. Glob. Fitness Holdings, LLC*, 863 F. Supp. 2d 677, 700 (S.D. Ohio 2012) (quotation marks and citation omitted)).

The Complaint does not state a conversion claim against Oduro. Plaintiff alleges that Oduro was involved in a scheme to embezzle money from Plaintiff, but Plaintiff does not allege that the money allegedly embezzled was specifically earmarked or identifiable in any way. Thus, Plaintiff does not allege that Oduro owes Plaintiff specific, identifiable money. *Id.* Therefore, Plaintiff's conversion claim fails.

### B. Civil Theft

Ohio Revised Code Section 2307.60 allows a person who was injured by a criminal act to bring a civil action for damages. In turn, Ohio Revised Code

Section 2307.61 provides that a property owner may bring a civil action under Section 2307.60 "to recover damages from any person who willfully damages the owner's property or who commits a theft offense, as defined in Section 2913.01 of the Revised Code[.]" Section 2913.01 defines "theft offense" as, among other things, theft and receiving stolen property.

Plaintiff states a claim for civil theft. The Complaint alleges that Oduro received money from the embezzlement scheme. Compl. ¶ 37, ECF No. 1. Thus, Plaintiff alleges that Oduro committed theft (or, perhaps, received stolen property) a theft offense. Therefore, as to the civil theft claim, Oduro's motion is denied.

### C.   Unjust Enrichment

In Ohio, "unjust enrichment occurs when a person has and retains money or benefits which in justice and equity belong to another." *Johnson v. Microsoft Corp.*, 834 N.E.2d 791, 799 (Ohio, 2005) (cleaned up). A claim for unjust enrichment requires the following elements: (1) "a benefit conferred by a plaintiff upon a defendant"; (2) "knowledge by the defendant of the benefit"; and (3) "retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment[.]" *Id.* (quotation marks and citation omitted).

Plaintiff's unjust enrichment claim fails. Plaintiff does not allege that it conferred any benefit on Oduro. Instead, Plaintiff alleges that a third party stole from Plaintiff and paid Oduro with that stolen money. The purpose of an unjust enrichment claim is "not to compensate the plaintiff for any loss or damage

suffered by him but to compensate him for the benefit he has conferred on the defendant." *Id.* (quotation marks and citation omitted). Because Plaintiff does not allege that it conferred any benefit on Oduro, Plaintiff does not state a claim for unjust enrichment.[2]

### D. Civil RICO

To sufficiently plead a RICO claim under 18 U.S.C. § 1962(c), a plaintiff must plead the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985).

Plaintiff fails to state a civil RICO claim because it does not sufficiently allege a "pattern." The Sixth Circuit has explained that whether certain acts make a "pattern" is measured by a spectrum: "at one extreme is a perpetrator committing two predicate acts, in one day, in one scheme, causing a single injury, to a single victim. This is not a pattern." *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1110 (6th Cir. 1995) (citation omitted). At the "other extreme, a perpetrator engineering dozens of schemes, and using myriad predicate acts to further each scheme, against numerous victims causing

---

[2] Of course, if Oduro received money stolen from Plaintiff (money that Oduro knew was stolen), it would be unjust for Oduro to keep that money. But as explained above, Plaintiff may proceed on its civil theft claim against Oduro and, if successful, could recover the money allegedly paid to Oduro. That civil theft claim, not an unjust enrichment claim, is the proper vehicle for recovering on these facts.

numerous types of injuries, beyond peradventure engages in a pattern of racketeering activity." *Id.*

To determine where on this spectrum an alleged pattern falls, courts consider the following factors:

> [T]he length of time the racketeering activity existed; the number of different schemes (the more the better); the number of predicate acts within each scheme (the more the better); the variety of species of predicate acts (the more the better); the distinct types of injury (the more the better); the number of victims (the more the better); and the number of perpetrators (the less the better).

*Id.*

Applied here, there is no pattern. Some factors weigh in Plaintiff's favor: the alleged scheme lasted a long time (nearly ten years); there were several predicates acts in support of the scheme; and there were few alleged perpetrators.

The remaining factors, however, weigh against Plaintiff. There was only one alleged scheme: to embezzle from Plaintiff. Next, there were only a few different types of predicate acts (and perhaps only mail and wire fraud). Finally, there was only one type of injury to only one victim: Plaintiff lost money.

On balance, these factors weigh against finding a "pattern." At bottom, Plaintiff has alleged that Defendants engaged in a single scheme against a single victim. That is insufficient to state a civil RICO claim. *See Bachi-Reffitt v. Reffitt*, 802 F. App'x 913, 918 (6th Cir. 2020) ("[The] complaint does not allege an

actionable 'pattern of racketeering activity' because it pleads only a single scheme targeting a single victim[.]" (citation omitted)).

Plaintiff argues that, even if it does not state a claim under Section 1962(c), it states a claim for RICO conspiracy under Section 1962(d). The Court disagrees.

First, the Complaint does not adequately give Defendants notice that Plaintiff is pursuing a RICO conspiracy claim—the word "conspiracy" appears nowhere in the allegations directly in support of the RICO claim. In any event, because Plaintiff has not plausibly alleged any "pattern" of racketeering, neither has Plaintiff alleged that Oduro conspired in such a pattern.

In sum, the civil RICO claim against Oduro fails.

### E. Civil Conspiracy

The elements of the Ohio tort of civil conspiracy are: (1) "malicious combination of two or more persons"; (2) "causing injury to another person or property"; and (3) "the existence of an unlawful act independent from the conspiracy itself." *Williams v. U.S. Bank Shaker Square*, No. 89760, 2008 WL 802523, at *3 (Ohio Ct. App., Mar. 27, 2008) (citation omitted).

Plaintiff alleges that Oduro communicated with the other Defendants, received ill-gotten gains from the embezzlement scheme, and prepared fraudulent tax documents. Compl. ¶¶ 37, 39, ECF No. 1. In other words, the Complaint alleges that Oduro committed multiple unlawful acts independent of

the conspiracy, which injured Plaintiff, and did so in combination with others. Thus, Plaintiff states a claim for civil conspiracy.

### F.    Leave to Amend

Plaintiff asks for leave to amend its Complaint as to Oduro to "include additional supporting facts." Resp. 19, ECF No. 56. Plaintiff does not, however, explain what these additional facts are. *Id*. In any event, because the dismissed claims are dismissed *with* prejudice (because the allegations in the current Complaint affirmatively show Plaintiff is not entitled to relief), Plaintiff cannot amend those claims. Thus, the motion for leave to amend is **DENIED**.

## IV.    CONCLUSION

For these reasons, Oduro's motion is granted in part and denied in part. The civil theft and civil conspiracy claims are not dismissed; the conversion, unjust enrichment, and civil RICO claims are **DISMISSED WITH PREJUDICE**.

The Clerk shall terminate ECF No. 43.

**IT IS SO ORDERED.**

*[signature]*
**M**ICHAEL H. WATSON, JUDGE
**UNITED STATES DISTRICT COURT**