IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

AGC FLAT GLASS NORTH
AMERICA, INC.,                        :
                                      :
              Plaintiff,              :
                                      :        Case No. 2:23-cv-01980
       v.                             :        Judge Michael H. Watson
                                      :        Magistrate Judge S. Courter M. Shimeall
                                      :
MWITA JOHN, *et al.*,                 :
                                      :
              Defendants.             :

**OPINION AND ORDER**

This matter is before the Court on Plaintiff AGC Flat Glass North America, Inc., dba AGC Automotive Americas Co.'s motion to file under seal its Motion for Summary Judgment for Damages and its accompanying Exhibits.  (ECF No. 136.)

On February 9, 2026, this Court granted summary judgment in favor of Plaintiff, and against Defendants Mwita John ("John") and Tanzex Automation & Design, LLC ("Tanzex"), on a count of civil theft, as well as against John individually for fraud and breach of the duty of loyalty under Ohio law.  (*See* Opinion and Order, ECF No. 131.)  Plaintiff now seeks summary judgment on the issue of damages as it relates to these two Defendants.  With respect to its Motion to File Under Seal, Plaintiff represents that its Motion for Summary Judgment for Damages and accompanying Exhibits includes confidential information—such as John's social security number, his wage and salary, and other competitive business information—that should be filed under seal. (ECF No. 136, at PAGEID #: 3936.)  Plaintiff has already filed a redacted version of its Motion on the public docket.  (*See* ECF No. 137.)

For the following reasons, the Court **GRANTS in part and DENIES WITHOUT PREJUDICE in part** Plaintiff's Motion.

**I.**

There is a strong presumption in favor of public access to judicial records. *Stanley v. Turner Oil & Gas Properties, Inc.*, No. 2:16-CV-386, 2017 WL 5068444, at *1 (S.D. Ohio July 24, 2017). The Sixth Circuit has directed that documents filed with the Court may be placed under seal only for "the most compelling reasons." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). "A movant's obligation to provide <u>compelling</u> reasons justifying the seal exists even if the parties themselves <u>agree</u> the filings should be sealed." *White v. Wilberforce Univ.*, No. 1:16-CV-1165, 2017 WL 3537233, at *2 (S.D. Ohio Aug. 17, 2017) (emphasis in original) (citing *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016)).

To overcome that strong presumption of openness, a party seeking to seal court records "must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019). And the parties seeking to seal documents must demonstrate "document-by-document, line-by-line" why they meet their burden to seal. *Shane Grp.*, 825 F.3d at 308. The party seeking the seal must therefore "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). These reasons and legal citations must be sufficient for a district court to "set forth specific findings and conclusions which justify nondisclosure to the public." *Rudd Equip. Co.*, 834 F.3d at 594 (citations and quotations omitted).

2

Generally, "in civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 308 (cleaned up). "[T]he privacy interests of innocent third parties" can also be a serious consideration for sealing. *Id.*

Ultimately, the moving party must demonstrate that "disclosure will work a clearly defined and serious injury . . . . And in delineating the injury to be prevented, specificity is essential." *Id.* at 307–08 (internal citations and quotations omitted). Moreover, simply filing redacted, public versions of the documents does not absolve the moving party from conducting this document-specific and narrowly tailored analysis. Instead, the Sixth Circuit's "heavy burden" for sealing "applies equally to both sealing and redacting documents from the public record." *NFocus Consulting Inc. v. Uhl*, No. 2:20-CV-5106, 2020 WL 12687859, at *1 (S.D. Ohio Dec. 29, 2020) (citing *Shane Grp.*, 825 F.3d at 305–06).

**II.**

Plaintiff seeks to file under seal a copy of its Motion for Summary Judgment on Damages ("MSJ"), Exhibit 1, and Exhibits 1A-1I. (ECF No. 136, at PAGEID #: 3936.) Plaintiff represents that the Summary Judgment Motion and Exhibit 1 contain John's social security number and salary information, the latter of which Plaintiff contends constitutes competitive business information. (*Id.*) Plaintiff also seeks to file under seal the Exhibits 1A to 1I, because they contain "references to the salary information and compensation paid by [Plaintiff] to Mwita John during the time of his fraud." (*Id.*)

**A. John's Personal Identifying Information and Salary**

Plaintiff seeks to seal John's social security number and salary information.

3

As it relates to John's personal identifying information, such as his social security number, the Court agrees that such information can be redacted in the public version and filed under seal. *See* Fed. R. Civ. P. 5.2(a)(1).

Additionally, the Court finds that Plaintiff has met its burden and demonstrated that a compelling reason exists to restrict John's wage information. The Court finds that such information can be redacted in the public version and filed under seal. Indeed, Courts in the Sixth Circuit have found that a compelling reason can exist for sealing certain types of employment information, including salary and compensation structures. *See Tera II LLC v. Rice Drilling D, LLC*, No. 2:19-CV-2221, 2023 WL 8566266, at *2 (S.D. Ohio Dec. 11, 2023); *see also Young v. Provident Life & Accident Ins. Co.*, No. 2:21-CV-00041, 2023 WL 5837001, at *6 (M.D. Tenn. Mar. 13, 2023) ("Courts generally grant requests to seal information about a company's employee salary and compensation structures.").

Accordingly, the Court **GRANTS** Plaintiff's Motion to Seal with respect to these categories of information.

### B. Exhibits 1A through 1I

As it relates to the Exhibits 1A through 1I, however, Plaintiff represents that this request is narrowly tailored because "all of the exhibits attached to its Motion contain confidential information." (ECF No. 136, at PAGEID 3937.) This is not sufficient to demonstrate to the Court that a compelling interest exists.

A party can "establish that a compelling interest exists to protect confidential business information even if it is not a trade secret." *Ewalt v. Gatehouse Media Ohio Holding II, Inc.*, No. 2:19-cv-4262, 2022 WL 1080772, at *3 (S.D. Ohio Apr. 11, 2022) (citing *Kondash*, 767 F. App'x at 638). "But the burden is a heavy one." *JobsOhio v. Nexient, LLC*, No. 2:24-CV-1445, 2024

WL 5365019, at *3 (S.D. Ohio Oct. 22, 2024). While information that others could use to gain a competitive advantage may warrant sealing, a moving party still "must show that disclosure would 'seriously harm its competitive standing.'" *Ewalt,* 2022 WL 1080772, at *3 (quoting *U.S. ex rel. Scott*, No. 3:18-cv-61, 2021 WL 4449277, at *4 (W.D. Ky. Sept. 28, 2021)).

But here, other than stating that the Exhibits contain confidential information, Plaintiff does not clearly articulate compelling reasons to justify sealing Exhibits 1A through 1I in their entirety. Likewise, other than a generalized anti-competitive concern, Plaintiff offers no explanation of the specific harm it could face from the disclosure of these Exhibits on the public record. *See Shane Grp.*, 825 F.3d at 307 ("[T]he proponents of closure bear the burden of showing that disclosure will work a clearly defined and serious injury.") (cleaned up). Further, although Plaintiff represents that it "has filed redacted versions with the Court," upon review, all documents after Exhibit 1 appear to be entirely redacted. (*See id.* at PAGEID #: 3956–65.) To the extent these Exhibits contain John's social security number or salary information, that information is permitted to be sealed as discussed above. But Plaintiff has not provided sufficient justification for wholesale redactions or filing the entire Exhibits under seal, without a corresponding narrowly tailored, redacted version to be filed. *See Prof'l Investigating and Consulting Agency, Inc. v. SOS Sec. LLC*, No. 2:19-cv-3304, 2022 WL 16706688, at *2 (S.D. Ohio Nov. 4, 2022) (finding that sealing an entire exhibit was unnecessary when confidential business information could be redacted); *see also Total Quality Logistics, LLC v. Riffe,* No. 1:19-cv-23, 2020 WL 5849408, at *2 (S.D. Ohio Sept. 30, 2020) (finding a sealing request to be narrowly tailored when the parties did "not seek to seal the contents of the documents at issue completely. . . . Thus, the seal [was] no broader than necessary to address the compelling reason for non-disclosure.")

Accordingly, as it relates to Exhibits 1A through 1I, Plaintiff's Motion to File Under Seal is **GRANTED in part and DENIED in part**.  Plaintiff may redact from the public version and file under seal information pertaining to John's salary and his personal identifying information such as his social security number.  However, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE** with respect to anything else in these Exhibits.

**III.**

In sum, Plaintiff's Motion to File Under Seal is **GRANTED in part and DENIED WITHOUT PREJUDICE in part**.  (ECF No. 136.)  Plaintiff may file under seal information pertaining to John's salary information and his personal identifying information.  Plaintiff's Motion is **DENIED WITHOUT PREJUDICE** with respect to Exhibits 1A through 1I. Plaintiff is **DIRECTED WITHIN FOURTEEN DAYS** to file either: a renewed and properly supported motion to seal Exhibits 1A through 1I or wholly unredacted versions of Exhibits 1A through 1I on the public record.

 **IT IS SO ORDERED.**

       */s/ S. Courter M. Shimeall*
       **S. COURTER M. SHIMEALL**
       **UNITED STATES MAGISTRATE JUDGE**